IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDIE L. TUCKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2725-M-BN |
| | § | |
| BBVA COMPASS BANK, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This action filed by a plaintiff proceeding *pro se*, and transferred from the Fort Worth Division to this division, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G Lynn. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss the amended complaint – and thus this action – with prejudice for Plaintiff Eddie L. Tucker's failure to state a claim on which relief may be granted.

**Applicable Background**

Prior to transferring this action to the Dallas Division, United States Magistrate Judge Jeffrey L. Cureton granted Tucker leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 5. And, after Tucker's arrival in this division, the undersigned, on October 16, 2018, entered an Order and Notice of Deficiency [Dkt. No. 9] (the "NOD") noting that

> [t]he complaint presently submitted is subject to summary dismissal for failure to comply with the applicable pleading standards – Plaintiff Eddie L. Tucker's various claims – labeled as allegations – merely state legal conclusions. *See, e.g.,* Dkt. No. 1 at 4 ("Allegation Number 2. The Defendants are in serious violation of Federal Truth Lending Housing Laws in a discriminatory and bias way.... Allegation Number 3. The Defendants have violated federal law in refusing to properly take care of Plaintiff's Housing Refinancing Process.").
>
> Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).
>
> To remedy this deficiency, attached to this order is a form Complaint for a Civil Case, which Tucker must complete, date and sign, and return to the Court no later than **November 15, 2018**.
>
> Failure to follow these instructions will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court. *See* FED. R. CIV. P. 41(b).

Dkt. No. 9 at 1-2.

Tucker filed an amended complaint on October 25, 2018. *See* Dkt. No. 10.

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual*

allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required

if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Analysis

Through the amended complaint, Tucker attempts to add eight other plaintiffs – none of whom signed that complaint – and switches up his defendants, including by adding a local radio station and one of its show host. *See* Dkt. No. 10 at 3, 5-6, & 9. But the amended complaint contains less factual allegations than the initial one, and Tucker's claim in full is "Business Discrimination & Bank Fraud & Deception." *Id.* at 8.

Initially, because a party "may proceed in federal court only *pro se* or through counsel," *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) (citing 28 U.S.C. § 1654), and because Tucker is not an attorney and thus is not capable of representing the plaintiffs he purports to add in his amended complaint, this lawsuit remains Tucker's alone against the named defendants. And, although his claims should be dismissed for the reasons explained below, Tucker's adding the plaintiffs named in his amended complaint does not bind those parties in any way. *Cf. Oliver v. Trial Court Judges*, No. 3:15-cv-2962-P-BN, 2015 WL 6438477, at *3 (N.D. Tex. Sept. 15, 2015)

("Oliver, as a *pro se* prisoner, has 'neither the authority to represent anyone but [himself] nor the competence to protect the interests of other prisoners.' As such, it would be unfair to hold the remaining Plaintiffs accountable as part of Oliver's clearly frivolous complaint." (quoting *Henderson v. Jamison*, No. C10-5802 RBL/KLS, 2011 WL 690616, at *2 (W.D. Wash. Jan. 31, 2011), *rec. adopted*, 2011 WL 690573 (W.D. Wash. Feb. 18, 2011))), *rec. accepted*, 2015 WL 6460030 (N.D. Tex. Oct. 21, 2015).

Turning to the substance of the amended complaint, Tucker fails to "plead facts sufficient to show that" his claims have "substantive plausibility," *Johnson*, 135 S. Ct. at 347, and thus allow the Court "to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679. And, because the NOD previously apprised him of this pleading deficiency, Tucker, by filing a similarly deficient amended complaint, has now pleaded his best case. The Court should therefore dismiss his claims with prejudice for his continued failure to state a claim on which relief may be granted.

### Recommendation

The Court should dismiss Plaintiff Eddie L. Tucker's amended complaint [Dkt. No. 10] – and thus his action – with prejudice for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE